THIS is a writ of error, brought by Bullock’s heirs and executors to a judgment rendered against them in an action of covenant, brought by Didlake against them in the circuit court.
1. The main point of controversy turns upon the construction of the covenant upon which the action was founded. It appears that William Dryden gave his bond for the conveyance , of two hundred acres of land to William Bartlett | that Bartlett assigned the bond to Ambrose Bush, who sold and conveyed the land to David Bullock, and that Bullock sold and conveyed it to Didlake, the plaintiff in the circuit court. After valuable improvements had been made upon the land, and it had been possessed for many years by Didlake and those under whom he claimed, M’Donald’s heirs, by their agents, M’Gee and Stephenson, brought suit and recovered judgment for the land, in an action of *200 ejectment. It was then discovered, that Dryden, the original vendor of the land, liad lio colour of tille, and Didlake filed his bill in chancery, to obtain a compensation for the improvements. Pending that suit, the heirs and executors of Bullock (he having departed this life) entered in,to articles of agreement with Did-lake, .by winch, after stipulating to pay him for the land fifteen hundred and seventy one dollars, for which they gave their bond, payable in twelve months, they “ covenant and agree to and with the said Didlake, to pay to him all legal costs that ,D. JVf’Gce and Geora*e Stephenson, as agents for M’Donaid’s heirs, have or may recover, of said Didlake, in the suit at Jaw, or the suit now in chancery in the Madison circuit court; and, in addition to the costs, the said heirs, executors, &c. of said David Builock, deceased, do covenant and agree to pay said Didlake all the tents that said M’Geó and Stephenson hate or may recover of said Didlake, at the end or decision (if the said chancery suit.”
Where, untier the occupying claim, ant law, Ihe sum allowed For improvements exceeds the sum charged for rents, so that Ihe Judgment or decree is in favor of the occupant of the lan it cannot, with propriety be said, that any tiling was recovered from him for rents.
*200 In the suit in chancery; to which the parties had reference by this agreement," Didlake obtained a decree for S958 18 cents, besides costs, that sum being a balance reported by commissioners for improvements on the land, after, deducting the amount of rents, &c.; and the question in this case is, are the heirs and executors of Builock bound by their covenant to pay to Didlake the amount of the rents so deducted from the value of the imnrovemenis?
This question was presented in various shapes in the circuit court, in all of which, that court decided it in the affirmative.
2. In this decision we cannot concur with that court. The covenant, on tiie part of Bullock’s heirs luid executors, was, to pay to Didlake all the rents which M’Donaid’s hejrs liad or might recover of him ; and, in no sense of the word, can the I'ents which went only in diminution ofhis claim for improvements, be said to be recovered by M’Donald^s heirs. It is not like the case of a set-off of one debt against another, growing out of a different transaction. Even in that case, it would be very awkward and extremely unusual, to say that the debt set. off by the defendant was recovered of the plaintiff. If, indeed, in such a case, there was a balance in favor of -the defendant, lor *201 ■which he obtained a judgment, it might, withproprie. ty, be said, that he had recovered the balance ; hut ¡lie same language canrlot, in technical propriety, and nev er is, in popular use, applied to that part of the defen. dant’s demand which went in extinguishment of that of the plaintiff. But this case differs from that; and if it would be absurd to apply such language to that case, it would be still more so, to apply it to this. In the case of mutual claims for rents and improvements of this sort, the demands are not; as in cases of set.off, independent of each other; and do not. as in those cases, grow out of the contracts of the parties. On the contrary, they belong to the same subject, are in separably connected with each other, and result, not from contract, but from the principles of equity and good conscience In such a case, it is only the bal. anee, after deducting the one claim from the other, that constitutes what is reallv due; and no more is, in any case where the claims are well founded, recovera ble. It may be, and indeed often is, very uncertain to which side the balance may belong, until an adjust ment is made, and the balance is struck by the proper tribunal; and the existence of that uncertainty in this case, is apparent, and is sufficient to account for the contract made between the parties, and to afford a clew for a rational application of the language in which the contract is expressed. It is true, as was contended for Didlake in the argument, that in the attitude in which the suit in chancery stood, M’Donald’s heirs could not have had a decree for rents against Didiake, although the balance had been in their favor; for they bad not made their answer a cross bill, nor prayed for such a decree. They, however, had alleged that the balance was in their favor, and they had the right of making their answer a cross bill, and might, if the fact had been as they alleged, have obtained a decree for rents. Whether they would do so or not, was at least uncertain, and to guard against the result, was at all events prudent. But it is not beyond the limits of probability, to suppose, that the parties may have mistaken the law of the case, so far as to have thought that even in the attitude in which the case stood, M’Donald’s heirs might obtain a decree for rents; if the balance should be in their favor. Such a supposition would be at least as rational as to suppose that the *202 parties understood the language used in their contract according to the strained and unusual import contend, ed for on the part of Ordlakc. That, in truth, the parties to the contract liad in contemplation the possibility that M’Donald’s heirs might, in someway, obtain a decree for rents, is rendered the more probable too, by the circumstance of Bullock’s heirs and executors having covenanted to pay to Didlake the costs which might be recovered of' him in the suit in chance-' ry ; for why should they enter into such a covenant, unless the parties liad contemplated the event ®f Did-lake’s failure in the suit? And upon what ground could he so probably fail, as one which would render him liable to a decree for rents ?
Ai d in such case nothing can be ¡ecovered by him fn m a man who had covenanted to pay all the rents which should be recovered of him in that suit.
*202 Upon tne whole, we think that Bullock's heirs and executors are not bound to pay the rents which went in diminution of Didlake’s claim for improvements, and that the circuit court erred in deciding otherwise.
The judgment must be reversed with costs, and the cause be remanded, for new proceedings to be had, not inconsistent with this opinion.